```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

AAMP OF FLORIDA, INC.,
d/b/a AAMP of America,

       Plaintiff,

v.                       Case No. 8:12-cv-2922-T-33TGW

AUDIONICS SYSTEM, INC.,
d/b/a Crux Interfacing
Solutions,

       Defendant.
_____/

## ORDER

    Plaintiff AAMP of America accuses Defendant Crux Interfacing Solutions of patent infringement. However, ten days before AAMP filed the instant patent infringement action, Crux filed a declaratory judgment action for "non-infringement and invalidity of patents" in the United States District Court for the Central District of California. (Doc. # 10 at 5). Crux now moves this Court to dismiss the instant patent infringement action or, in the alternative, to transfer the case to California. Id. AAMP opposes the Motion and accuses Crux of filing the declaratory action in bad faith. (Doc. # 12). For the reasons that follow, the Court grants the Motion in part.

## I. Background

Plaintiff AAMP is "the sole owner of all right, title, and interest in" a patent entitled "Remote Control Interface for Replacement Vehicle Stereos." (Doc. # 1 at 2). AAMP alleges that Defendant Crux has infringed the patent "by making, importing, using, offering to sell, or selling without authority . . . and/or practicing the claimed interface methods of the [patent] in vehicle stereo control interface devices for use with factory-installed steering wheel stereo controls and after-market replacement stereos . . . ." Id. at 3. Additionally, AAMP claims that Crux's customers "are directly infringing the [patent] and its methods by using . . . stereo interface devices purchased from Crux," and that Crux encourages this infringement by providing "a video on its web site for each of its infringing products providing detailed directions to dealers, installers, and customers regarding the use and installation of the infringing products." Id. at 3-4.

Accordingly, on December 27, 2012, AAMP initiated the present action, asserting a single claim for patent infringement against Crux pursuant to 35 U.S.C § 271(b). Id. at 5. On January 18, 2013, Crux filed a Motion to Dismiss or, in the Alternative, Transfer. (Doc. # 10).

2

Within that Motion, Crux explains that AAMP initially accused Crux of infringing AAMP's patent in August of 2012. Id. at 5. Crux, "growing weary of the uncertainty, filed a declaratory complaint for non-infringement and invalidity of AAMP's patents on December 17, 2012 in the Central District of California." Id. Thus, Crux argues that this Court should dismiss the instant action, filed ten days after Crux's action for declaratory relief, in accordance with the first-filed rule. Id. Alternatively, Crux moves to transfer this case to the Central District of California, where the declaratory action is pending. Id.

On February 4, 2013, AAMP filed a response to the Motion, arguing that Crux's California lawsuit was anticipatory, and therefore that this Court should not apply the first-filed rule. (Doc. # 12 at 7). AAMP explains that, far from the alleged "uncertainty" that Crux claims to have experienced in the months following AAMP's initial notice of patent infringement, AAMP "repeatedly informed Crux that if Crux did not provide a substantive response [to AAMP's notices] in short order, AAMP would file a patent infringement suit against Crux." Id. at 8.

**II. Discussion**

"Where two actions involving overlapping issues and

parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). In determining whether an exception to the first-filed rule is warranted, one equitable consideration is whether a declaratory judgment action was filed in an apparent attempt to preempt another action by the opposing party. Serco Serv. Co. v. Kelley Co., 51 F.3d 1037, 1040 (Fed. Cir. 1995). "However, those circumstances do not automatically compel abandoning the first-filed rule. And even where those conditions are present, 'the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just effective disposition of disputes, require otherwise.'" Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1988) (quoting Serco, 51 F.3d at 1039); see also Micron Tech., Inc. v. Mosaid Tech., Inc., 518 F.3d 897, 904 (Fed. Cir. 2008) ("The general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action."); Elec. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1348 (Fed. Cir. 2005) ("The considerations affecting transfer to or dismissal in favor

4

of another forum do not change simply because the first filed action is a declaratory action.") (internal quotation omitted).

In this case, the parties do not dispute that substantial overlap exists between the California and Florida actions. Both cases arise out of the same patent infringement issue. As Crux explains, "the two cases are exactly the same. Crux's California action and AAMP's Florida action involve identical parties and identical issues." (Doc. # 10 at 6). AAMP argues not that the actions differ, but rather that Crux's California action "was filed in a bad faith effort to deprive AAMP of its choice of forum." (Doc. # 12 at 9).

This Court agrees with AAMP's argument that "the filing of a declaratory judgment action in anticipation of suit in another forum, as [AAMP] contends occurred in this case, is an equitable consideration which the Court may take into account in determining whether compelling circumstances exist to warrant an exception to the first-filed rule." Marietta Drapery & Window Coverings Co., Inc. v. N. River Ins. Co., 486 F. Supp. 2d 1366, 1369 (N.D. Ga. 2007) (quoting Manuel, 430 F.3d at 1136). But, whatever merit there may be in AAMP's contention that Crux's

5

California action falls within this "anticipatory declaratory judgment" exception to the first filed rule -- an issue upon which this Court expresses no opinion -- this Court finds that such a determination should be reached by the United States District Court for the Central District of California. See id.

"The 'first to file' rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." Id. (quoting Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999)); see also Micron Tech., 518 F.3d at 904 ("District courts, typically the ones where declaratory judgment actions are filed . . . will have to decide whether to keep the case or decline to hear it in favor of the other forum, most likely where the infringement action is filed."). "Courts applying this rule generally agree that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." Marietta Drapery, 486 F. Supp. 2d at 1369. Once a court finds a likelihood of substantial overlap between the two suits,

6

"it [is] no longer up to the court in [the second-filed suit] to resolve the question of whether both should be allowed to proceed." Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971). Rather, "the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Marietta Drapery, 486 F. Supp. 2d at 1370.

As the court explained in Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604, 606 (S.D. Fla. 1997), even if this Court were inclined to agree with AAMP that the case should be tried here, "it has no authority to mandate this result." If this Court does not dismiss or transfer the Florida action, there is no guarantee that the California court would follow suit and dismiss the declaratory judgment action. "The parties would then be left with the exact situation that the first-filed rule was designed to prevent -- lawsuits on identical issues proceeding simultaneously in separate courts." Id. at 606-607.

Because the parties do not dispute that the instant action post-dates the California action, and because this

7

Court finds a likelihood of substantial overlap between the two cases, the United States District Court for the Central District of California is the appropriate court to decide whether AAMP's Florida action should be allowed to proceed or whether it should be consolidated with the California action, as well as all issues regarding jurisdiction and venue. Therefore, this Court employs its authority under 28 U.S.C. § 1404(a) to transfer this case to another district "in which it could have been brought," and accordingly transfers this action to the United States District Court for the Central District of California.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Crux Interfacing Solutions' Motion to Dismiss or, in the Alternative, Transfer (Doc. # 10) is **GRANTED IN PART.**

(2) The Clerk is directed to transfer this action to the United States District Court for the Central District of California.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of March, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record